IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUNG KIM,<br><br>    Plaintiff,<br><br>  v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.<br>and AUDI OF AMERICA,<br><br>    Defendants.<br>_____/<br><br>ALI ASGHARI, AUGUSTINO LAMIA,<br>BARBARA CALVER, SUPALAK<br>PRASOBRATANA, and DANIEL TRAN,<br><br>    Plaintiffs,<br><br>  v.<br><br>VOLKSWAGEN GROUP OF AMERICA,<br>INC., VOLKSWAGEN AG, and AUDI AG,<br><br>    Defendants.<br>_____/ | No. C 12-1156 CW<br>No. C 12-2177 CW<br><br>ORDER GRANTING<br>MOTIONS TO<br>TRANSFER (Docket<br>No. 23 in 12-2177;<br>Docket No. 11 in<br>12-1156) |

    Plaintiffs in these related cases filed separate class actions alleging that Defendants Volkswagen Group of America, Inc. (VWGoA), Volkswagen AG, and Audi AG manufactured cars with defective oil consumption systems. Defendant VWGoA moves to transfer each case to the Central District of California. Plaintiffs oppose the motions. The Court took the matter under submission on the papers and now grants both motions.

BACKGROUND

    VWGoA is a New Jersey corporation with its principal place of business in Virginia. In February 2012, Plaintiff Yung Kim, a resident of Los Angeles, filed a putative class action against

VWGoA and "Audi of America"[1] in Alameda County Superior Court. Case No. 12-1156 (Kim), Docket No. 1. VWGoA timely removed the case to this district in March 2012, id., and moved to transfer the action to the Central District of California on May 11, 2012. The briefing and hearing on this motion was continued repeatedly by stipulation of the parties. Kim, Docket Nos. 30, 37, 40.

Meanwhile, on May 1, 2012, Plaintiff Ali Asghari, also a resident of Los Angeles, filed a second putative class action against VWGoA, Audi AG, and Volkswagen AG in this district. Case No. 12-2177 (Asghari), Docket No. 1. One month later, on June 5, the Court granted Asghari's motion to relate his case to Kim. Asghari, Docket No. 7; Kim, Docket No. 25.

On August 10, 2012, Asghari filed an amended complaint in which he added four other named Plaintiffs: Augustino Lamia, Barbara Calver, Supalak Prasobratana, and Daniel Tran. Asghari, Docket No. 17. Although the amended complaint does not specify where the newly added Plaintiffs reside, the parties have since acknowledged that Lamia is the only Plaintiff who resides in this district.

On October 3, 2012, VWGoA moved to transfer Asghari to the Central District of California. Docket No. 23. The Court scheduled the motion to be heard concurrently with the pending motion to transfer in Kim. The motions were set for hearing in November 2012 along with VWGoA's motions to dismiss, but the parties have stipulated to continue the briefing and hearing dates several times since then. Asghari, Docket Nos. 14, 20, 38, 45.

---

[1] VWGoA has represented that "Audi of America" is an "unincorporated division of VWGoA." Kim Mot. Transfer 1 n.1.

2

## LEGAL STANDARD

A district court may grant a discretionary change of venue pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute identifies three basic factors for district courts to consider in determining whether a case should be transferred: (1) convenience of the parties; (2) convenience of the witnesses; and (3) the interests of justice. The Ninth Circuit has identified numerous additional factors a court may consider in determining whether a change of venue should be granted:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising Inc., 211 F.3d 495, 498–99 (9th Cir. 2000).

The burden is on the movant to show that the convenience of parties and witnesses and the interests of justice require transfer to another district. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). The Supreme Court has ruled that the § 1404(a) analysis should be an "individualized, case-by-case consideration of convenience and fairness." Van Dusen v. Barrack, 376 U.S. 612, 622 (1964).

3

DISCUSSION

The parties do not dispute that both of these actions could have been brought in the Central District of California. The following discussion therefore focuses solely on whether transferring these cases to that district would benefit the parties, non-party witnesses, and the interests of justice.

I. Kim

None of the three factors identified in § 1404(a) favor laying venue in this district. The sole Plaintiff in Kim resides in Los Angeles and has no apparent ties to Northern California. He leased his allegedly defective car from a dealership in Los Angeles and had it serviced there several times. The mechanics who serviced the vehicle, who may be called to testify in this action, all live and work in the Los Angeles area. The car itself is located in Los Angeles. And attorneys for both parties maintain offices in Los Angeles. Thus, the convenience of Plaintiff and the non-party witnesses both weigh in favor of transferring this case to the Central District of California.[2]

Plaintiff Kim contends that the interests of justice and his choice of forum both counsel against transfer here because this case is a putative class action. The Ninth Circuit, however, has expressly held that the opposite is true: "Although great weight is generally accorded plaintiff's choice of forum, when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." Lou v.

---

[2] The convenience of VWGoA is a neutral factor because, as noted above, VWGoA's offices are located in Virginia. The other Defendants named in this action have not opposed the motion to transfer.

Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) (citations omitted; emphasis added); see also Lucas v. Daiichi Sankyo Co., Inc., 2011 WL 2020443, at *3 (N.D. Cal.) ("[The plaintiff]'s choice of forum in this action is entitled to reduced deference because he seeks to represent a class and he has filed his complaint in a district outside of the district in which he is domiciled.") (citing Lou, 834 F.2d at 739).

Kim has not produced any evidence to rebut VWGoA's evidence that the Central District of California is a more convenient forum for litigating this dispute. He does not cite a single federal decision in his opposition and has not identified a single party or witness who would be harmed by transferring this case.[3] Accordingly, VWGoA's motion is granted. See, e.g., Shabani v. Volkswagen Group of America, Inc., 2012 WL 4675047, at *3 (N.D. Cal.) ("Here, Ms. Shabani brings a class action; she does not reside in the district; and no event underlying her claims is alleged to have occurred in the district, and no known witnesses to those events reside in the district . . . . These facts weigh heavily against her choice of this district as the forum for this action." (citations omitted)).

II. Asghari

Transfer presents a closer question in Asghari than in Kim because one of the newly named Plaintiffs in Asghari actually

---

[3] Kim also seems to suggest that VWGoA effectively chose to litigate in this district by removing the case from state court. To the extent that this is intended as an argument against transfer, it is rejected. See IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1013 (N.D. Cal. 2000) ("It is clearly established that timely removal to federal court does not waive a defendant's right to raise venue objections.").

lives in this district. However, because the majority of named Plaintiffs and non-party witnesses reside in or near the Central District -- and because Asghari himself asked that this case be related to Kim, which is being transferred to the Central District -- the Court finds that Asghari should be transferred, as well.

As in Kim, the convenience of the parties weighs slightly in favor of transfer here. Four of the five named Plaintiffs reside in southern California. Cf. Peralta v. Countrywide Home Loans, Inc., 2009 WL 3837235, at *8 (N.D. Cal.) (granting motion to transfer where two of three named plaintiffs in a class action lived in the Central District of California). In addition, the parties' attorneys have offices in Los Angeles. See Lucas, 2011 WL 2020443, at *3 (transferring a case to the Central District because "litigating the case in the district in which [the plaintiff] and counsel for parties are located will be substantially more convenient"). Taken together, these facts are sufficient to establish that the Central District is a more convenient forum for the parties.

The second factor -- convenience of non-party witnesses -- also weighs in favor of transfer here. VWGoA has identified twelve non-party[4] witnesses who reside in the Los Angeles area and may be called to testify about maintenance they performed on Plaintiffs' cars. Even if some of these witnesses would only offer "cumulative" or redundant testimony, as Plaintiffs contend,

---

[4] Asghari contends in his brief that these are not "non-party" witnesses because they work at dealerships that sell Audi vehicles. The witnesses' declarations make clear, however, that they are not employed by Audi or Volkswagen and, thus, are not party witnesses in this case.

6

the number of witnesses residing in the Central District would still be greater than the number of witnesses who reside in this district. As noted above, only one out of five Plaintiffs lives in this district, which means that the non-party witnesses who seek to inspect Plaintiffs' vehicles will typically have to travel outside of the district to do so.

Although Plaintiffs argue that venue in this district is proper because the district houses a VWGoA research facility, they have not explained why this facility is relevant to the instant case. Plaintiffs have not suggested that any of the facility's employees will be called as witnesses here. Nor have they suggested that any physical evidence from the facility will be introduced. VWGoA, meanwhile, has submitted a declaration from one of its research managers asserting that the facility does not conduct any research related to the oil consumption system that Plaintiffs allege is defective here. Declaration of Robert A. Arturi ¶ 3. Another court in this district, when presented with a declaration from the same research manager in a similar class action against VWGoA, found that the location of the VWGoA facility did not preclude a transfer to the Central District. See Shabani, 2012 WL 4675047, at *3 ("This laboratory indeed is located within this district, but [VWGoA] puts forth evidence suggesting that the laboratory has nothing to do with the Class Vehicles as they relate to [the plaintiff]'s claims."). Thus, Plaintiffs have failed to counter VWGoA's showing that transferring Asghari to the Central District would benefit the non-party witnesses in this case.

7

Plaintiffs contend that their choice of forum should be afforded some deference. As in Kim, however, that choice is afforded limited deference here because Plaintiffs seek to represent a class. Lou, 834 F.2d at 739. The choice also carries less weight because, when this forum was initially chosen, the sole Plaintiff in the case resided outside of this district. See Lucas, 2011 WL 2020443, at *2 ("[T]he plaintiff's selection of forum has minimal value where the plaintiff is not a resident of the judicial district in which the suit commenced."). The fact that Plaintiff Lamia, a resident of this district, was subsequently added to the complaint does not retroactively change the circumstances under which the initial forum selection decision was made.

Thus, in light of the limited deference afforded to Plaintiffs' forum choice, the relative convenience that would be afforded to most parties and witnesses, the residence of counsel, and the fact that Kim will also be transferred, the Court grants VWGoA's motion to transfer Asghari to the Central District.

III. Evidentiary Objections

Plaintiffs in Asghari object to VWGoA's reliance on Shabani, 2012 WL 4675047, in its reply brief. Asghari, Docket No. 42. They have styled their objection as an "objection to reply evidence" under Civil Local Rule 7-3(d). Id. The Shabani decision, however, does not constitute "reply evidence": it is a publicly available judicial decision and, as such, may be cited as authority in a reply brief.

Even if Shabani did somehow constitute reply evidence, Plaintiffs' objection would still fall short. VWGoA has cited

8

Shabani to address specific arguments raised in Plaintiffs' opposition. Plaintiffs' counsel represented the plaintiffs in Shabani and, thus, should have been aware that VWGoA might cite the decision if Plaintiffs raised arguments here that were specifically rejected in that case. Moreover, because Plaintiffs have effectively used their evidentiary objection as an unauthorized sur-reply -- in which they attempt to distinguish Shabani's holding on the merits -- they have not been prejudiced by VWGoA's reliance on the decision. Their objection is therefore overruled.

CONCLUSION

For the reasons set forth above, VWGoA's motions to transfer (Docket No. 11 in Kim, 12-1156; Docket No. 23 in Asghari, 12-2177) are GRANTED.

While the Court is normally reluctant to transfer cases that have remained pending in this district for as long as Kim and Asghari have, these cases present unique circumstances. As noted above, the parties have filed numerous stipulations to continue the briefing and hearing dates in this matter and both cases remain at a relatively early stage in the litigation. Thus, because the Central District of California will provide a more convenient forum for the parties, their counsel, and non-party witnesses, the Court finds that transferring these cases to that district is appropriate. Although motions to dismiss are pending, the Court defers to the newly assigned judge to rule on them. If, as is likely, the complaints are dismissed at least in part with leave to amend, it will be more efficient for the trial judge to

9

1 rule on the sufficiency of any amendments.  The Clerk shall
2 transfer the files.
3        IT IS SO ORDERED.

5 Dated: 3/26/2013

CLAUDIA WILKEN
United States District Judge